O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL BAZAN,<br><br>    Petitioner,<br><br>    v.<br><br>W. L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. SA CV 14-1980 DMG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in his Petition and Reply, and lack merit for the reasons set forth in the R&R. There are two issues, however, that warrant brief amplification here.

First, in his Objections, Petitioner contends that because his first state habeas petition challenged an "illegal or unlawful/unauthorized sentence," it was not subject to procedural deadlines and could not have been untimely filed. (Objections at 2-4.)

Petitioner is mistaken.

As a rule, California law provides that where a sentencing court "impose[s] a

sentence not authorized by law for the offense of which the defendant[ was] convicted, . . . such a sentence [is] subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court." *People v. Serrato*, 9 Cal.3d 753, 763 (1973), *overruled on other grounds by People v. Fosselman*, 33 Cal.3d 572 (1983).

Here, however, Petitioner does not contend that his sentence was unauthorized by the sentencing laws that governed his convictions, but rather argues that such convictions were unfairly obtained. Specifically, Petitioner argues that insufficient evidence supported the sentencing court's finding of a prior strike under California's Three Strikes Law. (Objections at 2.)

Thus, the cited law is inapposite, and Petitioner's first state habeas petition was untimely filed.

Second, the R&R contains a typographical error. Namely, the Magistrate Judge mistakenly writes that Petitioner filed his first state habeas petition on October 31, 2014, rather than on October 31, 2013. (R&R at 3; Lodg. No. 11.) Nevertheless, the Magistrate Judge's timeliness analysis is based on the correct filing date and is otherwise correct.

As such, the Petition remains time-barred. *See* 28 U.S.C. § 2244(d).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the R&R, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Sully v. Ayers*, 725 F.3d

1057, 1075-76 (9th Cir. 2013) ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.").

DATED:  August 17, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE